Electronically Filed - Stoddard - October 14, 2016 - 04:30 PM



# IN THE CIRCUIT COURT OF STODDARD COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: ROBERT N MAYER | Case Number: 16SD-CC00086 |
| Plaintiff/Petitioner: TRAVIS GIBSON<br><br>vs. | Court Address:<br>STODDARD COUNTY CIRCUIT COURT<br>PO BOX 30<br>BLOOMFIELD  MO  63825 |
| Defendant/Respondent:<br>STATE OF MISSOURI, ET AL | |
| Nature of Suit:<br>CC OTHER MISCELLANEOUS ACTIONS | (Date File Stamp) |

## Notice and Acknowledgement for Service by Mail

To: RICK COOK

The enclosed summons and petition are served pursuant to Section 506.150 RSMo.

You must complete the acknowledgement part of this form and return one copy of the completed form to the sender within thirty days.

You must sign and date the acknowledgement. If you are served on behalf of a corporation, unincorporated association, including partnership, or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

I declare, under penalty of filing a false affidavit, that the Notice and Acknowledgement of Receipt of Summons and Petition was mailed on SEPTEMBER 15, 2016.

| | |
|---|---|
| September 15, 2016 | _Leanne Ozbun_ |
| Date | Signature |

### Acknowledgment of Receipt of Summons and Petition

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

| | |
|---|---|
| 10/14/16 | _Rick Cook_ |
| Date | Signature |
| | Relationship to Entity/Authority to receive service of process |

OSCA (4-99) SM10                    1 of 1                    506.150 RSMo

EXHIBIT

A

Electronically Filed - Stoddard - October 14, 2016 - 04:30 PM



**IN THE 35TH JUDICIAL CIRCUIT COURT, STODDARD COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ROBERT N MAYER | Case Number:  16SD-CC00086 |
| Plaintiff/Petitioner:<br>TRAVIS WAYNE GIBSON | Plaintiff's/Petitioner's Attorney/Address:<br>TRAVIS WAYNE GIBSON<br>13973 COUNTY ROAD 405<br>DEXTER, MO 63841 |
| vs. | |
| Defendant/Respondent:<br>STATE OF MISSOURI, ET AL | Court Address:<br>STODDARD COUNTY JUSTICE CENTER<br>403 S PRAIRIE<br>P O BOX 30<br>BLOOMFIELD, MO  63825 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |
| | (Date File Stamp) |

## Summons for Service by First Class Mail

The State of Missouri to:  RICK COOK
@DEXTER POLICE DEPARTMENT

305 COOPER STREET
DEXTER, MO 63841



*COURT SEAL OF*

*STODDARD COUNTY*

     You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also must serve this answer upon Plaintiff's/Petitioner's attorney at the above address.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

| | |
|---|---|
| September 15, 2016 | *Leanne Orbun* |
| Date Issued | Clerk |

Further Information:

## Directions to Clerk

    The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail.  Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

F I L E D

SEP 06 2016

PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

In The District Court of Stoddard County, Missouri

Travis W. Gibson

Vs                                                    Case No. 16SD-CC00086

State of Missouri,

Missouri Department of Corrections (D.O.C.),

Rick Cook,

Roxann Cook,

Joann Snider,

Missouri Highway Patrol,

All participating registries or background services,

Dutch Enterprises,

1983 Action

HISTORY

In 2001 petitioner attempted to transfer his probation from Oklahoma to Missouri through the Interstate Compact Act for what he believed to be a Oklahoma crime of Indecent Exposure 21-1021-A1. During petitioners first visit from Missouri probation and parole, Dexter officers Joann Snider and Roxanne (Trout) Cook showed up at petitioners' residence. Their first concern was that petitioner had his children at home with him. When asked why that would be a concern the officers informed petitioner that he was being supervised for an Oklahoma conviction under statute 21-1021-B1; 'Soliciting the aid of a minor child to perform', a sex offense against a minor child. Petitioner laughed and informed them must have the wrong case number, they verified with a S.S. number. Petitioner left them room and returned with a recording device and asked the officers to repeat everything they had just said, they refused and stated they were leaving and would be refusing to allow me to move into Missouri based on petitioners refusal to cooperate with a mandatory sex offender program required for that crime, petitioner informed them to file what they needed to and he would see them in court, they then left. The problem with their refusal to supervise petitioner for 21-1021-B1 is that petitioner was not

FILED

SEP 0 6 2016
PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

convicted of that crime and their file was in fact wrong, however petitioner was ordered out of the state. That was the last contact had with Missouri D.O.C. even though he did continue to live at the same Stoddard County residence, until 2007.

In 2007 after living in Stoddard County for over five years with no mention by anyone about sex offender registry. From 2002-2007 Petitioner coached for Dexter Park and Recreations with no mention about being a sex offender. , petitioners wife leaves him due to the changes these false accusations had made in him. Within weeks of her filing for divorce petitioner is suddenly charged with a felony 'failure to register as a sex offender' after a Oklahoma conviction under 21-1021-B, his name ran on the radio and newspaper destroying both of his businesses and slandering petitioner and portraying him in 'false light' to the public as a sex offender of a minor child. Those charges were dismissed and the case was sealed.

In 2008 Stoddard County unlawfully and unconstitutionally sentenced petitioner to the custody of the Missouri D.O.C. Probation & Parole, where petitioner was assigned to Roxanne Cook because they still referred to petitioner as a sex offender and she was the sex offender officer. Petitioner was informed he would be supervised as a sex offender based on an Oklahoma conviction of 21-1021-B and he advised the officer that was not going to happen. The officer stated as part of petitioners probation he would not be allowed to speak to his ex-wife nor would he be able to see his children unsupervised, petitioner again informed the officer that was not going to happen either. The officer then called her husband, Dexter Police Officer Rick Cook to come place petitioner under arrest for revocation of his probation, after only 8 days. Due to the officers recommendations petitioners probation which was unlawful to begin with was revoked based on petitioners refusal to comply with guidelines for a crime in which he had never committed, been arrested, been charged, nor been convicted, he had every right to refuse.

During petitioners unlawful and unconstitutional stay in Missouri D.O.C. the officer followed through with her recommendations and presented petitioner to the Parole Board as a uncooperative convicted sex offender unwilling to accept responsibility for his crimes, so they C.R.'d, which meant I had to do 66% of my time, which is unheard of considering petitioners record or lack thereof. Because the petitioner was seen by the Missouri D.O.C. as a sex offender of a minor child they raised his custody level. Missouri also used a case out of Louisiana that all started because of the false conviction of 21-1021-B that was attached to petitioners record and drivers license through the Missouri Highway Patrol Sex Offender Registry Unit. The Louisiana case was already terminated under Louisiana statute of limitations on prosecution, but leave it up to Missouri D.O.C. officers to talk the prosecutor in Louisiana to issue a hold since petitioner would be incarcerated, the purpose of the hold was for notification. D.O.C. also used this hold to raise petitioners custody level another level. Missouri

F I L E D

SEP 06 2016

PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

systems ranged from 1-5, 5 being maximum security....Petitioners custody level based on the unlawful imprisonment was only a 2, but D.O.C used made up reasons to raise him to a 5. The change in custody was a risk and hazard to petitioners life. While petitioner was unlawfully imprisoned he wrote his ex-wife and children almost every day, petitioner was informed he was not allowed to do that because she was the victim and that he could be disciplined, so he made sure to write one every single day after that warning. He even sent a letter directly to the warden telling her to try it and she would be working at McDonalds.

In 2010 upon petitioners release from unlawful imprisonment he was served with notice to register as a sex offender by the Stoddard County Sherriff. Petitioner went straight to the Sherriff and demanded to know under who's request this was sent, he replied Stoddard County Prosecutor Rance Butler. Petitioner walked straight out of his office into the court building and addressed the matter with Rance Butler. No charges were ever filed.

In 2015 when my parents were ill I went to work at Dutch Enterprises. I was released when my background check returned. Petitioner was told the company could not find an insurance company to insure him due to his past. Petitioner thought Tim was referring to his driving record and said there was no way. Only later did it occur to petitioner that he was let go for reportedly being a sex offender of a minor child per his J&S because that is what is still on file with the Missouri Highway Patrol. I called them and had them look at the micro-film to tell me exactly what statute they believed me to be convicted of, they replied 21-1021-B per the J&S. Dutch Enterprises acted upon that information in termination petitioners employment.

Since all of you know me, know a little about this case and the unlawful imprisonment. My attitude has stemmed from all of your ignorance and ego, unwilling to listen when I tried to explain the facts, printed your laws, read them too you and was ignored. I have been ran over by the ignorance of the judicial system and I am owed a tremendous amount. This entire thing has played out publicly and privately, topix, airport café, and even Rick Cook driving up and down my road telling my neighbors and spreading it around town. Do you seriously have to ask why I am pissed? And don't even start with my language, it is protected under the first amendment, you're lucky every other word isn't a curse word..

The reason all this is coming to light now is due to a Oklahoma Supreme Court decision that determined the application of the term sex offense to petitioner is a violation of his constitutional protections. January 2014 the Oklahoma D.O.C. was ordered to remove petitioner from the registry.

In 2002 petitioners alleged charge was clarified on the docket by the sentencing judge to be a conviction under statute 21-1021-A not 21-1021-B, however she did unconstitutionally order

FILED

SEP 06 2016

PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

petitioner to register for21-1021-A1. The fact this clarification was made in 2002 clarifying that petitioner was NOT convicted of a sex crime against a minor child (21-1021-B) makes every action by the defendants against petitioner for a conviction of 21-1021-B unlawful and unconstitutional.

Petitioner contacted Tulsa County District Judge to try and get an order against Missouri's false information, their reply was the conviction is and always has been under 21-1021-A1 and anyone saying otherwise is liable. Petitioner contacted Missouri Highway Patrol again in Jefferson City and asked them to look at the clarification on the docket, they stated that was not enough to remove the conviction under 21-1021-B.

The defendant's actions are now ruled liable by the Oklahoma Supreme Court Ruling in Starkey. Oklahoma D.O.C failed to notify petitioner of this mandatory removal until April 2016 in an attempt to run out statute of limitation. No matter why defendants applied sex offender status to petitioner, weather under statute 21-1021-A or 21-1021-B they had no legal or constitutional authority to do so. When petitioner informed the officers in 2002 he was not convicted of that crime they should have listened to him rather than dismiss him as someone who wouldn't admit his guilt.

The year I did in Butler County jail is a direct result of Missouri portraying petitioner as a sex offender of a minor child. That woman's ex husband had family that are Missouri law enforcement. When he found out who his ex was dating he had my name ran, which produced I was convicted of a sex offense against a minor child. All hell broke loose, he was going to kill me, he was going to kill her, he was going to take off with the kids, he stopped paying child support, he filed for custody of his kids. He threatened her that if I did not stay away he would keep going until he got the kids, he told her to file a restraining order against me... You see, his threats and actions stemmed from the state of Missouri, highway patrol, and D.O.C., reporting to the public I was a convicted sex offender of 21-1021-B. The list of times I have had to defend myself over this ignorance would stretch from here to Oklahoma, and it ends now!

## Case History

1. Petitioner requested to transfer his Oklahoma probation to Missouri November 27,2000. Petitioners Oklahoma J&S from Tulsa County Oklahoma Case CF-98-5202 with attached Form 13.8(A) was sent from Oklahoma D.O.C. to Missouri D.O.C. that erroneous listed petitioners conviction as a sex offense under 21-1021-B, Soliciting the aid of a minor child to perform.

2. During petitioners home interview with Missouri D.O.C. Officers Roxann Cook and Joann Snider petitioner was made aware of this erroneous mistake when the officers read it

FILED

SEP 06 2016

BARB YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

aloud and he specifically told the officers the information was incorrect and that he was not convicted of 21-1021-B.

3. March 19, 2001 Missouri D.O.C. denied petitioners request which included this statement; "Deny as of 03/19/01 as subject refuses to complete a sex offender program in Missouri (MOSOP) as required by agency policy. Also, subject denies guilt. Gibson advises he would hire an attorney if required to complete MOSOP. Subject has a pre-school son in the home and he is babysitting for him while his wife works. The Missouri Sex Offender Supervision Agreement says subject will have no unsupervised contact with children without approval of supervising officer. This is a concern of this officer."

4. As a result of the denial petitioner was ordered back to Oklahoma by May 15, 2001 and refused. He was ordered back by July 16,2001 and refused. August 15, 2001 a violation report was filed with the court. May 23, 2002 this docket entry was made on OSCN; "LINDA MORRISSEY: DEFENDANT PRESENT, REPRESENTED BY RICHARD CLARKE. STATE BY DAVID ISKI. COURT REPORTER: GARY WOODSON. CASE CALLED FOR HEARING ON APPLICATION TO REVOKE. DEFENDANT SWORN, WAIVES HEARING CONFESSES STATES APPLICATION TO REVOKE. COURT REVOKES ONE (1) DAY WITH CREDIT FOR TIME SERVED. *DEFENDANT TO REMAIN ON SUPERVISED PROBATION. DEFENDANT SIGNED* NEW RULES AND CONDITIONS. STATE STRIKES TWO (2) SENTENCES OFF OF THE APPLICATION TO REVOKE FILED ON 9-12-2001 ( DEFENDANT REFUSED SEX OFFENDER TREATMENT AND REGISTER AS A SEX OFFENDER). *FOR CLARIFICATION DEFENDANT PREVIOUSLY ENTERED PLEA OF ALFORD TO INDECENT EXPOSURE 1021 (A1) ON 2-7-2000.* DEFENDANT TO RETURN TO OKLAHOMA BY 6-27-2002 DEFENDANT TO REGISTER AS A SEX OFFENDER WITHIN 90 DAYS. DEFENDANT ADVISED OF APPEAL RIGHTS. ORDER REVOKING ISSUED. DEFENDANT ASSESSED ANY ADDITIONAL COURT COSTS. RULE 8 HEARING SIGNED."

5. September 25, 2001 Tulsa County Oklahoma, case# Cf-01-5495, filed felony 'failure to register as a sex offender' charges against petitioner based on the only J&S to ever be issued in Tulsa County Case# CF-98-5202, which stated convicted statute as Oklahoma 21-1021-B.  During testimony the State of Oklahoma and Oklahoma D.O.C. testified that the J&S presented to the court was true and accurate and the only J&S to ever be issued in case CF-98-5202. The argument was made that the J&S was ambiguous, contained a false conviction under 21-1021-B, and violated the constitution. According to page 60 of the transcript of that hearing;
THE COURT: Mr.Iski (state), do you wish to withdraw your judgment and sentence? MR. ISKI: If the court please. THE COURT: Both will be withdrawn."

FILED

SEP 06 2016

PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

This case was dismissed 05-01-03; "WALL C: DEF'T PRESENT. REPRESENTED BY ROB YANCEY RIDENOUR. STATE BY CATHERINE DOUD. CASE CALLED FOR DISTRICT COURT ARRAIGNMENT/MOTION HEARING. CASE DISMISSED AT REQUEST OF STATE, COST TO DEFENDANT. BOND EXONERATED. DEF'T TO MAKE ARRANGEMENTS TO PAY COST."

6.  Oklahoma courts recognized the J&S against petitioner erroneously listed a false conviction as a sex offender in violation of 21-1021-B: Soliciting the aid of a minor child to perform.
    Oklahoma lost its case against petitioner for failing to register (CF-01-5495) because of an erroneous J&S which Morrissey attempted to ignore during her clarification on 05-23-02. Petitioner again refused to follow the courts order because it was again unlawful and unconstitutional and another revocation followed, petitioner argued the facts, *03-27-2003* OSCN docket entry (CF-98-5202): "WALL C: DEF'T PRESENT. REPRESENTED BY ROB RIDENOUR. STATE BY TARA PERKINSON. CASE CALLED FOR HEARING ON APPLICATION TO ACCELERATE. RULES AND CONDITIONS OF PROBATION MODIFIED TO TERMINATE SUPERVISION BY AGREEMENT OF PARTIES. APPLICATION TO ACCELERATE WITHDRAWN AT REQUEST OF STATE, COST TO DEFENDANT. DEF'T TO MAKE ARRANGEMENTS TO PAY COST. BOND EXONERATED." On this day petitioner was released from the court as a free man and the court specifically stated petitioner is NOT subject to sex offender applications nor does he have to answer to anyone regarding this case, the court then apologized to the petitioner, who then moved back to Missouri.

7.  In 2007 Stoddard County Missouri charged petitioner with failure to register as a sex offender. That file reflects that the states probable cause for the filing of that charge was based on the J&S from Oklahoma case # CF-98-5202, which lists petitioner conviction under 21-1021-B. The filing of these charges were without probable cause, they were malicious and un-founded and a defamation of character. The same J&S that had already been determined by the issuing court to be erroneous and withdrawn as evidence years prior. The state committed fraud upon the court by filing a document that had already been declared as erroneous. It would be safe to assume that the pursuit of these charges against petitioner were initiated by the Missouri D.O.C. *Probation and Parole in Dexter and the Stoddard County Prosecutor. This case was also* dismissed by the court and sealed. However the file contains information where another prosecution was attempted in 2010 and 2011.

8.  In 2010 petitioner was served with notice to register as a sex offender by the Stoddard County Sheriff's office, it too was based on the erroneous J&S under a conviction of Oklahoma Statute 21-1021-B.

FILED

SEP 06 2016

PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

9.  In 2015 petitioner went to work for Dutch Enterprises in Jackson Missouri but was
    released because of a crime he committed in the past and due to that crime they would
    be unable to find a insurance carrier for petitioner. *Dutch Enterprises acted upon false
    information against petitioner without any question, terminating his employment.* By
    their own actions against petitioner they created more false light, more defamation of
    character, loss of wages. Dutch Enterprises regardless of the source acted upon
    petitioner based on a false conviction, erroneous information. The Missouri Highway
    Patrol background check was the only background check petitioner signed permission
    for.
    Petitioner request the court order Dutch Enterprises to reveal their source and the
    information provided to them in which they acted by supplying copies to the court and
    the petitioner.

10. The 'only' certified Tulsa County Oklahoma J&S for case#CF-98-5202 against petitioner
    includes these keywords; Indecent Exposure, Sex Offender/Offense, required to register,
    21-1021, 21-1021-B. This J&S has been found to be erroneous and ambiguous since
    2002 and any and all actions taken against petitioner by the defendants as a result of
    this J&S are liable.  However, all defendants acted upon the keywords listed and
    continued to act upon them against petitioner to date.
    A. 21-1021-B was clarified to 21-1021-A on the OSCN public docket in 2002.
    B. The term sex offense and registration applied to a false conviction of 21-1021-B,
    petitioner was forced to give his DNA under a false statute.
    C. The PSI in the case was conducted by the Oklahoma D.O.C. under the wrong statute
    of 21-1021-B, therefore all recommendations of sentencing and supervision were
    wrongfully applied by the sentencing court.
    D. The State of Oklahoma AND OK D.O.C. agreed to terminate case#CF-98-5202 in 2003
    because the *new* judge recognized the manifest injustice. This was also public record.
    E. The State of Oklahoma also withdrew their charge of 'failure to register as a sex
    offender' in 2003 and that case was dismissed. This was public record.
    F. During the 2002 clarification between 21-1021-B & 21-1021-A the docket reflects the
    *judge again ordered sex offender registration of that crime, 21-1021-A. this is another*
    founding reason for which Tulsa County Case #CF-98-5202 was terminated 3-27-2003,
    because the Oklahoma Sex Offender Registration Act 'specifically' excluded the crime of
    Indecent Exposure 21-1021-A1 from the Act, registration, the term sex offense and or
    sex offender. To apply the Sex Offender Act to petitioner would be in violation of the
    act, law and Constitution.

G. The crime of Indecent Exposure 21-1021-A1 under 1998 Oklahoma Statutes is not a sex offense in Missouri. However Missouri does honor other states sentencing under the interstate compact act which regulates transfer of probation to & from other states. Missouri's only reason to list and portray petitioner as a sex offender is because Missouri honors other states laws............ All defendants failed to honor the termination of the case, including Oklahoma D.O.C. which is also a defendant. Each defendant failed to recognize the withdraw of the J&S as evidence in Oklahoma's failure to register as a sex offender due to its legal and constitutional violations along with its termination in the original case.

11. The clarification made by Judge Morrissey in Tulsa County Case CF-98-5202 on 5-23-2002, clarifying the conviction under 21-1021-A and ordering sex offender registration for that crime, was in violation of Oklahoma law and constitution as ruled by the Oklahoma Supreme Court in Starkey. The Oklahoma D.O.C. drafted a letter to petitioner January 8, 2014 informing him; "This letter is to inform you of your removal from the sex offender registry for the state of Oklahoma in accordance with the recent Oklahoma Supreme Court decision in Starkey vs D.O.C, case no. 109,556." This letter was not mailed to petitioner until April 2016. The Ok DOC claimed they didn't have petitioners current address, which has not changed since his transfer to Missouri in 2001, however the address within the letter is correct they just never mailed it, it was another attempt to cover and hide their corruption and run out a statute of limitations on civil liability. Therefore the statute of limitations did not start to run until notification of removal was made to the petitioner April 2016. Any time prior to the decision in Starkey defendants could have argued the crime was still a sex offense even though I have plainly proven it wasn't for 16+years.

    The Starkey decision went on to find enforcement of the sex offender act punitive in nature. The additional failure to register charges violated the double jeopardy clause of the constitution, you cannot charge a person with an additional felony for failing or refusing to abide by conditions of probation on a different felony.

12. Petitioner is seeking One Million dollars per year from EACH defendant starting from 03-19-2001, the day that the first Missouri Sex Offender Registration was signed. Dutch Enterprises liability starts 2015.

FILED

SEP 06 2016

PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

FILED

SEP 06 2016

PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

## ATTACHMENTS

1. Letter from Tom Nelson Ok DOC to governor's office confirming petitioners crime was sent to Missouri under a false conviction of 21-1021-B soliciting the aid of a minor child to perform.

2. First Missouri sex offender registration, the form reflects the information petitioner gave, not what the micro-film shows with Missouri Hwy Ptrl.

3. Letter from Ok DOC removing petitioner from sex offender registry per the Supreme Court.

4. J&S

## REQUEST

1. Petitioner request the court order Missouri DOC to produce petitioners entire file, including custody level rises while unlawfully imprisoned and the 167 days petitioner was kept in the hole due to custody level rises, recommendations to the parole board, "everything".

2. Petitioner request the court issue an order to the Missouri Highway Patrol to produce petitioners file, specifically sex offender registration and micro-filmed convictions from Oklahoma.

3. Petitioner request court order Dutch Enterprises to produce background check and all information they acted upon against petitioner.

## CLOSING

Let me be real clear, the actions taken against me by these defendants as well as the Oklahoma defendants has led me to believe they are some of the dumbest and most arrogant people walking this planet. I tried to be nice each time you people have violated my rights and destroyed my life, my niceness has run out. I have been talked to like a dog, treated like trash, tortured mentally with this case, disrespected, slandered, character defamation, loss of employment-family-friends-property, unlawfully imprisoned, and the list goes on.  I want to make one thing clear, my greatest loss was my family and for that you are going to pay, you meddled in my life without authority to

do so. I don't want to hear bullshit excuses, accept responsibility like you told me too. Don't go through the stages of denial because the bullshit reverse psychology you used on me you will get thrown right back in your face, am I clear on this?!

My constitution guarantees me a remedy to a wrong without limitations, the system IS going to right this wrong publicly and monetarily. You have destroyed 18 years of my life, destruction that cannot be contained in a sealed file or cured with a delete button, this damage will also damage petitioners future and defendants are liable for that as well.

*Travis W. Gibson*
Travis W. Gibson          9-1-16


FILED
SEP 0 6 2016
PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO



JAMES L. SAFFLE
DIRECTOR

FRANK KEATING
GOVERNOR

**STATE OF OKLAHOMA**

**OKLAHOMA DEPARTMENT OF CORRECTIONS**

**DISTRICT II PROBATION AND PAROLE**



August 7, 2001

Craig J. Smith
Office of the Governor
440 South Houston, Suite 304
Tulsa, Oklahoma 74127

Mr. Smith,

I am in receipt of the letter you received from a Mr. Travis Gibson on 7-21-01. He is currently under probation supervision for Indecent Exposure, CF-98-5202, Tulsa County, of which he received a five year suspended sentence on 5-22-01. His supervising officer is Joyce Golding-Jolly.

I cannot address much of the letter, but I can explain the circumstances of his supervision. Gibson was sentenced under statute 21-1021B per his Judgement and Sentence. This is an offense requiring registration under Oklahoma law (57 O.S. 582) and DOC policy. He therefore is also subject to DNA testing under Oklahoma law (74 O.S. 150.27a) and DOC policy. Mr. Gibson did initially register and submit to DNA testing. He now contests the need for registration and DNA testing, but the facts concerning his sentence do not support his claims.



Mr. Gibson was allowed to transfer supervision to the State of Missouri in December of 2000. Due to his non-compliance with supervision rules in Missouri, they denied our request to supervise Mr. Gibson, (denial letter attached), and we had no choice but to order him back to Oklahoma. He did return to Tulsa around the 16th of July.

Mr. Gibson is a registered sex offender who is not involved in treatment. Due to his *denial of his offense, cognitive group therapy failed and he was discharged from* treatment. The court was notified and an application to revoke was issued on 8-23-00. This application was subsequently dismissed on 10-30-00. The court apparently will not require treatment of Gibson due to his original Alford plea, (not having to admit guilt).

Mr. Gibson is currently on a High supervision level at District II. He continues to ignore orders from his supervising officer, is argumentative and continues to portray himself as the victim. He accepts no responsibility for his actions and he is viewed as a high risk to re-offend. I do anticipate we will again notify the courts of his continued rule violations.

Page 2

In addition, since his return to Oklahoma in July, he has refused to find a stable address to fulfill his registration requirements.  He has told officer Golding-Jolly that he is living at local campsites and truck stops.  Due to his refusal to find a stable address in Oklahoma, charges for violating the Sex Offender Registration Act will soon be referred to the Tulsa county District Attorney's office.

I feel Travis Gibson has been treated fairly by District II Probation and Parole. We will continue to supervise his case in a professional manner consistent with state law and departmental policy.  Please contact me if you have any further concerns or questions!

Sincerely

Tom Nelson, Team Supervisor
District II Probation and Parole
918-581-2931

cc:  file
     B. Lawmaster

FILED

SEP 0 6 2016

PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

MISSOURI STATE HIGHWAY PATROL
# MISSOURI OFFENDER REGISTRATION NOTIFICATION
STATUTE 589.400 - 589.425 RSMo

SHP-431   10/98

*Lolie Mays*

STATEMENT VERIFICATION
☐ 90 DAY VERIFICATION
☐ PERSISTENT / PREDATORY OFFENDER
☐ OTHER
☐ _____ DAY VERIFICATION

| NAME (LAST, FIRST, MI, JR./SR./III) | | | | | | | | RISK LEVEL |
|---|---|---|---|---|---|---|---|---|
| Gibson, Travis | | | | | | | | |

| | DATE OF BIRTH | SOCIAL SECURITY NO. | RACE | HEIGHT | WEIGHT | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|---|
| ☑ MALE ☐ FEMALE | 9-13-70 | See 88 4746 | W | 5'10 | 145 | Br/Bl | Br |

| INTENDED OR CURRENT ADDRESS (STREET, APT.) | CITY | COUNTY CODE | STATE | ZIP | GEO CODE |
|---|---|---|---|---|---|
| 13973 Co Rd. 405 | Dexter | N1 | MO | 63841 | |

| ALIAS NAME | PHONE NO. ( ) | MOSOP COMPLETED ☐ YES ☐ NO ☐ NA | DATE |
|---|---|---|---|
| | | | |

| SID NO. | FBI NO. | PROBATION / PAROLE NO. | REGISTER NO. | INTERSTATE COMPACT ☒ YES ☐ NO |
|---|---|---|---|---|
| | | 202418 | | |

| NAME OF EMERGENCY CONTACT OR SOMEONE LIVING WITH YOU | RELATIONSHIP | PHONE NO. |
|---|---|---|
| Ann Travis | wife | 573 624-202_ |

| ADDRESS (STREET, APT.) | CITY | STATE | ZIP |
|---|---|---|---|
| Same | Same | | |

## EMPLOYMENT / SCHOOL INFORMATION

| EMPLOYER AND / OR SCHOOL NAME | COUNTY CODE | PHONE NO. ( ) |
|---|---|---|
| Unemployed | | |

| EMPLOYER AND / OR SCHOOL ADDRESS (STREET, APT.) | CITY | STATE | ZIP | GEO CODE |
|---|---|---|---|---|
| | | | | |

## OFFENSE INFORMATION

| (1) OFFENSE REQUIRING REGISTRATION | DATE OF OFFENSE | CITY, COUNTY, STATE OF OFFENSE |
|---|---|---|
| Indecent Exposure | 10-1-98 | Tulsa, Tulsa OK/a. |

| CITY, COUNTY, STATE OF CONVICTION / PLEA | DATE OF CONVICTION / PLEA | CONFINEMENT RELEASE DATE | PROB / PAROLE COMPLETION DATE |
|---|---|---|---|
| Tulsa OKlma | | | |

| VICTIM SEX | VICTIM RACE | VICTIM AGE | VICTIM RELATIONSHIP | BRIEF DESCRIPTION OF OFFENSE / MODUS OPERANDI |
|---|---|---|---|---|
| ☐ M ☒ F | W | 4's | STRANG- | Naked ▓▓▓▓▓ in car & got out of car |

| (2) OFFENSE REQUIRING REGISTRATION | DATE OF OFFENSE | CITY, COUNTY, STATE OF OFFENSE |
|---|---|---|
| | | |

| CITY, COUNTY, STATE OF CONVICTION / PLEA | DATE OF CONVICTION / PLEA | CONFINEMENT RELEASE DATE | PROB / PAROLE COMPLETION DATE |
|---|---|---|---|
| | | | |

| VICTIM SEX | VICTIM RACE | VICTIM AGE | VICTIM RELATIONSHIP | BRIEF DESCRIPTION OF OFFENSE / MODUS OPERANDI |
|---|---|---|---|---|
| ☐ M ☐ F | | | | |

FILED
SEP 06 2016
PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO.

## ACKNOWLEDGMENT OF REQUIREMENTS

As an offender who is required to register under Section 589.400 RSMo., I hereby acknowledge that I have been informed of the following. **Initial each box after reading.**

☒ **The first time registering as an offender I must register in person** within 10 days of coming into a jurisdiction, with the Chief Law Enforcement Official of that jurisdiction.

☐ **If I move to another state,** I must inform the Chief Law Enforcement Official where I am currently registered, where I plan to move.  I must also meet that state's registration requirements

☒ Anytime I change my current address, I must register in writing within 10 days, the Chief Law Enforcement Officials of the current and prior jurisdictions, of the change.

☒ **Failure to comply** with the offender registration requirements, is a criminal offense.

☐ 90 day address / statement verification of the Offender Registration requirements have been explained to me.

I have read or had read to me and understand the above offender registration requirements.

| OFFENDER'S SIGNATURE | DATE |
|---|---|
| X Travis Gibson | 3-19-01 |

| AGENCY NAME | ADDRESS (STREET, P.O. BOX) | CITY |
|---|---|---|
| NOTIFYING AGENCY | | |

| ZIP | COUNTY CODE | SIGNATURE OF NOTIFYING AGENCY OFFICIAL | AGENCY PHONE NO. ( ) |
|---|---|---|---|
| | | | |

| AGENCY NAME | ADDRESS (STREET, P.O. BOX) | CITY |
|---|---|---|
| REGISTERING AGENCY | | |

| ZIP | COUNTY CODE | SIGNATURE OF REGISTERING OFFICIAL | AGENCY PHONE NO. ( ) | DATE |
|---|---|---|---|---|
| | | | | |

DISTRIBUTION: **WHITE - MSHP**   **CANARY - CLEO**   **PINK - NOTIFYING AGENCY**   **GOLDENROD - OFFENDER**

ROBERT PATTON
DIRECTOR



MARY FALLIN
GOVERNOR

STATE OF OKLAHOMA

OKLAHOMA DEPARTMENT OF CORRECTIONS

January 8, 2014

Travis Wayne Gibson
13973 County Rd 405
Dexter, MO 63841

This letter is to serve as notice of your removal from the Sex Offender Registry for the State of Oklahoma in accordance with the recent Oklahoma Supreme Court decision in Starkey v. DOC, Case No. 109,556.

Local Law Enforcement will also be notified of your removal from the Sex Offender Registry.

Oklahoma Department of Corrections
Sex & Violent Offender Registration

**NOTE:  At the date of removal, this office had no known address for offender. The Oklahoma SOR Unit was contacted 4/4/2016 by the Tulsa office of the US Marshal, Northern District of Oklahoma. At their request by providing the current address for this offender a copy of removal letter was mailed 4/4/16**



FILED

SEP 06 2016

PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

3400 N MARTIN LUTHER KING AVENUE ● PO BOX 11400 ● OKLAHOMA CITY, OKLAHOMA 73136-0400
(405) 425-2500 ● FAX (405) 425-2578
www.ok.gov/doc



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| State of Oklahoma,<br>-vs-<br>**Travis Wayne Gibson**<br><br>SS#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<br>DOB9-13-70 | Case No. **CF-98-5202**<br>Count No. 1 | SEP 0 6 2010<br><br>**PAULA YANCEY<br>CIRCUIT CLERK<br>STODDARD COUNTY, MO**<br><br>DISTRICT COURT<br>**F I L E D** |

### JUDGMENT AND SENTENCE
### All Time Suspended
### Felony

JUN 0   2000

**SALLY HOWE SMITH, COURT CLERK<br>STATE OF OKLA. TULSA COUNTY**

Now, this 22nd day of May, 2000 this matter comes on before the Court for sentencing and the defendant appears personally and by his or her Attorney of record, Brian Rayl and the State of Oklahoma is represented by Carl Funderburk, and the Court Reporter, Gary Woodson, is present.

The defendant has entered a plea of Alford and has been found guilty by the Court of the crime of **Indecent Exposure**

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the defendant, is guilty of this offense and is sentenced to **Five (5) years** all under the custody and control of the **Department of Corrections**, further, all of said term is suspended under the rules and condition of probation. If ordered by the Court, the Rules and Conditions of Probation, signed by the defendant acknowledging his or her understanding of the Rules and Conditions are incorporated as Exhibit A.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that in addition to the preceding terms, the defendant is also sentenced to a fine in the amount of **$500.00**; Victim's Compensation Assessment in the amount of **$250.00**; Pre-Sentence Investigation Fee in the amount of **$250.00**. The total cost assessed against the defendant in this case (all counts) is **$980.00. Defendant to register as sex offender within 3 days.**

IT IS FURTHER ORDERED BY THIS COURT THAT JUDGMENT IS HEREBY ENTERED against the defendant for all costs, fees, fines, and assessments ordered in this action and he or she is ordered to report immediately

In the District Court of Tulsa County,

**STATE OF OKLAHOMA**

CASE NUMBER _CF 98-5202_

DEFENDANT _Travis Gibson_

OFFENSE _Ind. Exp_

DATE _5-22-2000_

## RULES AND CONDITIONS OF PROBATION:

1. I will until my final release, make a report in writing and in person as directed by the Supervising Authority.

2. I will not use or be in possession of intoxicants or illicit drugs of any kind, or visit places where illicit drugs are unlawfully sold, dispensed or used. I understand that I am not allowed to enter or loiter around beer taverns or clubs.

3. I will not leave the State of Oklahoma without written permission of the Supervising Authority. I will not leave Tulsa County without permission of the Supervising Authority.

4. I will not communicate with persons on Parole or inmates of penal institutions, nor will I associate with persons having a criminal record or involved in criminal activity. I understand that it is my responsibility to know whether an associate has a criminal record.

5. I will allow the Supervising Authority to visit me at my home, place of employment or elsewhere. I will notify the Supervising Authority prior to changing residence or employment.

6. I will carry out all instructions the Supervising Authority may give me, including but not limited to, urinalysis, curfew, and treatment.

7. I understand it will be a violation of my Probation to own, carry or possess firearms or ammunition of any type or to be in a vehicle where firearms are located.

8. I will work regularly at a lawful occupation and support my legal dependents without public assistance as long as I am physically able to do so.

9. I will refrain from violating City, State or Federal laws and I will report within 48 hours if I am arrested or questioned by any law enforcement agency.

10. I hereby agree to pay the sum of $40.00 per month for the term of my probation to the Department of Corrections to defray the costs of my supervision, as directed by the Department of Corrections. Costs incurred from method of payment are the responsibility of the offender.

11. SPECIAL CONDITIONS

FILED
SEP 06 2016
PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

☐ TREATMENT/URINALYSIS
☐ DRUG / ALCOHOL COUNSELING
☐ RESTITUTION-EXHIBIT A ATTACHED
☐ PSYCHIATRIC COUNSELING
☐ COMMUNITY SERVICE _____ HOURS

☐ MAIL-IN PENDING INTERSTATE
☐ STAY AWAY _____
☐ WAIVE RULE(S) _____
☐ MEDIATED AGREEMENT
☐ OTHER _____

I understand and agree that the continuance of my probation depends entirely on my conduct. I understand that should I violate the terms and conditions of my probation, the Court may revoke my sentence and I may be required to serve imprisonment of the sentence imposed by the Court.

I hereby certify that I have carefully read or have been read and explained the above Rules and Conditions and fully understand what my obligations are while under supervision of the Department of Corrections. I further acknowledge receipt of a copy of these Rules and Conditions which I agree to study from time to time so that I will be fully informed at all times regarding my obligations while under supervision.

_____
ATTORNEY FOR DEFENDANT

_____
DEFENDANT - PROBATIONER

White Copy: Court File
Blue Copy: Defendant's Copy

Department of Corrections, Probation and Parole
440 S. Houston, Suite 701
Tulsa, OK 74127        Telephone (918) 581-2931




### Form 13.8(A) Additional Findings at Time of Sentencing

[At the time of formal sentencing the sentencing judge, on the record, shall either complete the additional findings or review a form 13.8(A) which has been completed by the parties to ensure its accuracy. Upon completion of the form it shall be ordered filed of record and be attached as Exhibit 1 to the Uniform Judgment and Sentence filed in the case. In accordance with House Concurrent Resolution No. 1001, dated June 19, 1998, references to a sentence matrix refer to the Oklahoma Truth in Sentencing Act.]

**EXHIBIT 1:** Additional Findings of the Court to Case No. CF 96-5737
State of Oklahoma -vs- TRAVIS GIBSON
In the District Court of Tulsa County

FILED

SEP 06 2016

PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY

#### I. Original Charges
(a copy of the information may be attached instead)
Please list any additional charges on a separate attached sheet
**Offense**

INDECENT EXPOSURE

#### II. Prior Felony Convictions Used For Enhancement
Please list any additional convictions on a separate attached sheet

| Offense | Date | Statute Citation |
|---------|------|------------------|
|         |      |                  |

#### III. Prior Charge(s) For Which Order Deferring Sentence Was Entered
Please list any additional charges on a separate attached sheet

| Offense | Date | Statute Citation |
|---------|------|------------------|
|         |      |                  |

#### IV. Prior Felony Convictions Not Used For Enhancement
Please list any additional convictions on a separate attached sheet

| Offense | Date | Statute Citation |
|---------|------|------------------|
|         |      |                  |

**V.**

If the defendant plead guilty to multiple counts, did the offense(s) arise from the same transaction?

Cir
Yes

## VI. Other Enhancers Used to Determine Placement on Matrix

Cir
Yes

1. Did the offender commit the current offense with the use of a firearm within the immediate possession and control of the offender?

Yes

2. Was the victim of the offense over 62 years of age, under 12 years of age, or disabled by reason of mental or physical illness to such an extent that the victim lacked the ability to effectively protect his or her property or person?

Yes

3. Did the offender in the commission of the offense maim or torture the victim?

Yes
Yes

4. Did the offender commit a Schedule N-2 or N-3 drug offense in, on, or within 1,000 feet of real property comprising of a public or private elementary or secondary school; public or private college, university, or other institution of higher education; recreation or public park (including state facilities); public housing project; or in the presence of any child under 12 years of age?

5. Did the offender commit a Schedule N-2 or N-3 drug offense by using or soliciting the services of a person less than 18 years of age, providing the offender was at least 18 years of age at the time of the offense?

Yes

6. If the controlling offense was a property or drug offense, what was the total amount involved in that offense (e.g., the value of the property involved; the amount of money stolen, embezzled, or obtained by fraud; or the amount of drug proceeds utilized)?

$ _____

7. If the controlling offense was a drug offense, what was the predominant drug and what was the amount of that drug (specify, grams, ounces, etc)?

Drug: _____
Quantity: _____
(oz, grams, etc)

### VII. Offender Characteristics
(A copy of the pre-sentence investigation may be attached instead.)

Gender (Circle)
Male   Female

Race (Circle)
White   Black   Hispanic   Asian   Native Am.

This Exhibit shall not be admitted into evidence in any future prosecutions.

Certified this ____ day of _____ 2000

_____
Attorney for State

_____
Attorney for Defendant

_____
Judge of the District Court

F I L E D
SEP 0 6 2016

PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO



upon conclusion of this sentencing hearing, or within five (5) days of discharge, if the defendant is currently incarcerated, to the Tulsa County Court Clerk to pay all costs, fines, fees, and assessments ordered in this action - or - to the Tulsa County Court Cost Administrator to make arrangements to pay the costs, fines, fees, and assessments as ordered pursuant to the Rule 8 Hearing held this day.

The Court further advised the defendant of his or her right to appeal to the Court of Criminal Appeals of the State of Oklahoma and of the necessary steps to be taken by him or her to perfect such appeal, and that if he or she desired to appeal and was unable to afford counsel and a transcript of the proceedings, that the same would be furnished by the State, subject to reimbursement in accordance with 22 § O. S. 1355.14, 20 § O. S. 106.4 (b), and, ADC-72-33.

Witness my hand this 22nd day of May, 2000

JUDGE Linda G. Morrissey

ATTESTATION:

SALLY HOWE SMITH
District Court Clerk of Tulsa County

By: _____
Teresa Sparks, Deputy

F I L E D
SEP 0 6 2016
PAULA YANCEY
CIRCUIT CLERK
STODDARD COUNTY, MO

**COURT CLERK'S CERTIFICATION**

I, Sally Howe Smith, District Court Clerk for Tulsa, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerks Office of Tulsa, Oklahoma.

Dated this the _____ day of _____, 2000

SALLY HOWE SMITH, DISTRICT COURT CLERK, TULSA COUNTY, OKLAHOMA

By: _____, Deputy

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

MAY 0 6 2010