IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TRAVIS W. GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:16-cv-00261-SNLJ |
| v. | ) |
| | ) |
| STATE OF MISSOURI, et al. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS

Defendants State of Missouri, Missouri Department of Corrections, Missouri Highway Patrol, Roxanne Cook, and JoAnn Snider, by and through counsel, submit the following memorandum in support of their motion to dismiss.

## INTRODUCTION

Plaintiff Travis Gibson filed a pleading (Doc. 4) entitled "1983 Action"[1] in the Circuit Court of Stoddard County, Missouri, against the State of Missouri, the Missouri Department of Corrections (Missouri DOC), the Missouri Highway Patrol, Roxanne Cook, and JoAnn Snider (hereinafter

---

[1] Presumably Plaintiff is referencing 42 U.S.C. § 1983.

referred to as "Complaint"), alleging that an obligation to register in the State of Missouri as a sex offender was erroneously placed upon him due to a mistake on the part of the District Court of Tulsa County, Oklahoma, and also that a sex offense was placed on his criminal record in the State of Missouri due to the alleged mistake by the Oklahoma court, causing him damage in various regards.

Moreover, Plaintiff states the Oklahoma Department of Corrections informed him by letter dated January 8, 2014 (which he received in April 2016) that he was removed from the Sex Offender Registry for the State of Oklahoma in accordance with an Oklahoma Supreme Court decision in *Starkey v. DOC*, Case No. 109,556 (2013). Plaintiff concedes, "Any time prior to the decision in *Starkey* defendants could have argued the crime was still a sex offense even though I have plainly proven it wasn't for 16+ years." (Complaint, ¶ 11). Consequently, Plaintiff's Complaint must be dismissed in its entirety for failure to state a claim upon which relief may be granted.

**ARGUMENT**

**I.       Plaintiff fails to state a claim that Defendants violated his constitutional rights.**

On May 22, 2000, Plaintiff entered an "Alford plea" to a charge of felony indecent exposure in the District Court of Tulsa County, Oklahoma, was

given a five year suspended sentence, and was placed on probation. Plaintiff alleges his "Alford plea" was entered to the charge of indecent exposure pursuant to Oklahoma Statutes, Title 21,§ 1021-A1, but that the judgment and sentence erroneously cited Oklahoma Statutes, Title 21, § 1021-B1, which sets forth the offense of solicitation or aid of a minor to perform, a sex offense against a minor child.

Plaintiff alleges he thereafter attempted to transfer his probation from the State of Oklahoma to the State of Missouri. The State of Oklahoma allegedly reported to the State of Missouri that Plaintiff was convicted of Oklahoma Statutes, Title 21, § 1021-B1, an offense that would require sex offender registration in the State of Missouri.

Plaintiff vaguely alleges that his constitutional rights were violated in various regards due to the actions or inactions of various defendants:

- In 2001 Missouri DOC Probation and Parole officers JoAnn Snider and Roxanne Cook informed Plaintiff he would be supervised as a sex offender based on an Oklahoma conviction of Title 21, § 1021-B1 (Complaint, p. 1)
- In 2007 "The state committed fraud upon the court by filing a document that had already been declared as erroneous. It would be safe to assume that the pursuit of these charges against petitioner were

- initiated by the Missouri D.O.C. Probation and Parole in Dexter and the Stoddard County Prosecutor." (Complaint, ¶ 7)
- In 2008 Missouri DOC Probation and Parole officer Roxanne Cook again informed Plaintiff he would be supervised as a sex offender based on an Oklahoma conviction of Title 21, § 1021-B1 (Complaint, p. 2)
- In 2015 Plaintiff was terminated from a job which he believes was because he was registered in the Missouri Highway Patrol Sex Offender Registry (Complaint, p. 3)
- Plaintiff alleges the State of Missouri honors "other states' sentencing under the Interstate Compact Act which regulates transfer of probation to and from other states." (Complaint, ¶ 10).

Plaintiff's Complaint fails to state how or in what manner Defendants' actions violated his constitutional rights. Plaintiff's claim fails to state a claim upon which relief can be granted under any legal theory.

Moreover, Plaintiff admits the Tulsa County judge, on May 23, 2003, clarified his conviction was under Title 21, § 1021-A1, not Title 21, § 1021-B1, but ordered sex offender registration for that crime. Through most of the Complaint, Plaintiff seems to fault Defendants with failing to note the 2003 clarification to Title 21, § 1021-A1, from Title 21, § 1021-B1, but that seems to be a distinction without a difference, since he notes near the end of the

Complaint that, despite the clarification from A1 to B1, the judge still ordered sex offender registry. (Complaint, ¶ 10(F)).

Furthermore, Plaintiff admits, "Any time prior to the decision in *Starkey* defendants could have argued the crime was still a sex offense." (Complaint, ¶ 11). Defendants followed the law in effect at the time, and no constitutional violation can be proven. Consequently, Plaintiff fails to state a claim upon which relief can be granted, and this Court should dismiss Plaintiff's claims against Defendants.

## II. Plaintiff's official capacity claims against Defendants Roxanne Cook and JoAnn Snider are barred.

Plaintiff's official capacity claims for damages against Defendants Roxanne Cook and JoAnn Snider fail because such claims are not cognizable under § 1983. A state official acting in her official capacity is not a person within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) Here, Plaintiff brings his claims against Defendants Roxanne Cook and JoAnn Snider without specifying they are sued in their official capacity,

but stating they took action to inform him he would be supervised as a sex offender in their capacity as officers of Missouri DOC Probation and Patrol. Plaintiff also alleges Roxanne Cook had him arrested while meeting with him in her official capacity. Accordingly, as state officials, they cannot be sued for damages in their official capacity under § 1983. *Id.* Consequently, this Court should grant Defendants' motion to dismiss.

### III. Defendants are entitled to qualified immunity.

"In a § 1983 action, state actors may be entitled to qualified immunity." *McRaven v. Sanders*, 577 F.3d 974, 980 (8th Cir.2009) (citation omitted). Qualified immunity may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office,* 403 F.3d 510, 515 (8th Cir.2005).

There are two prongs to a qualified immunity analysis. A court must consider both whether a constitutional right has been violated and whether that right had been clearly established at the time of the alleged violation. *Pearson v. Callahan,* 555 U.S. 223 (2009). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified

immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 235.

As explained above, Plaintiff has not sufficiently alleged a constitutional violation. Thus, this Court must find Defendants are entitled to qualified immunity, and Plaintiff's complaint should be dismissed.

**IV.    *Res judicata* bars Plaintiff's claims against Defendants Roxanne Cook.**

Res judicata bars relitigation not only of those matters that were actually litigated, but also those which could have been litigated in the earlier proceeding." *Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1053 (8th Cir. 2004). Here, Plaintiff alleges Defendant Roxanne Cook wrongfully told him he would not be able to speak to his ex-wife and had him arrested on the charge of violating his probation. Any such claim should be dismissed because Plaintiff filed a previous lawsuit against Defendant Roxanne Cook (and others) in which he alleged that in 2008 Defendant Roxanne Cook had him wrongfully arrested without probable cause and denied him due process.[2] The U.S. District Court, Eastern District of Missouri, entered summary judgment in favor of Defendant Roxanne Cook on that claim, which was affirmed by the U.S. Court of Appeals for the

---

[2] Travis Gibson v. Rick Cook et al., Case No. 1:10 CV-107LMB, Summary Judgment dated 4/29/13 (Doc. 109).

Eighth Circuit.[3] Consequently, this Court should grant Defendants' motion to dismiss.

V. **In the alternative, Plaintiff's claims against Defendants are time-barred.**

The applicable limitations period for claims brought under § 1983 is five years. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). Plaintiff alleges he was no longer subject to sex offender registry in Oklahoma as of March 27, 2003 according to a docket entry in his case #CF-98-5202. (Complaint, ¶ 6). If so, his claims against Defendants occurring prior to September 26, 2011 are time-barred and should be dismissed.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint and award them any additional relief deemed just and proper.

---

[3] Travis Gibson v. Rick Cook et al., Case No. 13-2179, Opinion filed 8/20/14.

Respectfully submitted,

**CHRIS KOSTER**
Missouri Attorney General

*/s/ Colleen Joern Vetter*
COLLEEN JOERN VETTER
Assistant Attorney General
Missouri Bar No. 38353
P.O. Box 861
St. Louis, MO 63101
Telephone: (314) 340-7861
Fax: (314) 340-7029
Colleen.Vetter@ago.mo.gov

*Attorneys for Defendants*
*State of Missouri, Missouri Department*
*of Corrections, Missouri Highway Patrol,*
*Roxanne Cook, and JoAnn Snider*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of Court on November 16, 2016 to be served by operation of the Court's electronic filing system upon all parties.

*/s/ Colleen Joern Vetter*
COLLEEN JOERN VETTER
Assistant Attorney General