UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| TRAVIS W. GIBSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:16 CV 261 SNLJ |
| STATE OF MISSOURI, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Plaintiff Travis Gibson alleges that he entered an "Alford plea" to a charge of felony indecent exposure in Tulsa County, Oklahoma, but he says his judgment and sentence were misstated on his paperwork, which resulted in various problems when he later moved his probation to Missouri. The series of events that followed gave rise to plaintiff's filing a petition for relief in Stoddard County, Missouri against the State of Missouri, the Missouri Department of Corrections ("MDOC"), the Missouri Highway Patrol, Roxanne Cook, JoAnn Snider (collectively, the "Missouri defendants") and Rick Cook.[1] The defendants removed the case to this Court, citing this Court's federal question jurisdiction under 28 U.S.C. § 1331 in light of plaintiff's claims under 42 U.S.C. § 1983. The defendants have filed motions to dismiss (#7, #11). Plaintiff has filed a Response to Notice of Removal (#9), which this Court will construe as a motion to remand.

---

[1] Plaintiff has also named Dutch Enterprises as a defendant. According to defendant Rick Cook, that party had not been served as of the date of removal.

1

**I.     Background**

According to the complaint, plaintiff entered an Alford plea on May 22, 2000 to a charge to felony indecent exposure in Oklahoma and was given a five-year suspended sentence and placed on probation. Although the plea was entered to the charge of indecent exposure pursuant to Oklahoma Statutes, Title 21, § 1021-A1, he says the judgment and sentence erroneously cited Title 21, § 1021-B1, which is for the offense of solicitation or aid of a minor to perform a sex offense against a minor child. The latter offense, under § 1021-B1, required registry as a sex offender in Missouri, which plaintiff says he discovered when he moved to Missouri.

Plaintiff received an initial visit from Missouri probation officers Joann Snider and Roxanne Cook at his home sometime in 2001. He says that they informed him that he would need to cooperate with a mandatory sex offender program; plaintiff told them they had the wrong information about the crime for which he was sentenced. Plaintiff alleges that Snider and Cook told him he would have to leave the state if he refused to cooperate.

Plaintiff states he did not hear any more about the matter until 2007. Sometime during 2007 or 2008, he says he was charged with felony failure to register as a sex offender, and he was sentenced to probation. Plaintiff says his wife divorced him as a result of learning about the allegedly untrue charges. Plaintiff alleges he was assigned to supervision by defendant Roxanne Cook, who was the "sex offender officer." (#4 at 2.) Plaintiff informed defendant Roxanne Cook that he was not going to cooperate with her conditions, which included having only supervised visits with his children. Plaintiff

alleges that the officer then called her husband, defendant Rick Cook, who was then a Dexter, Missouri police officer. Plaintiff says his probation was revoked and he was incarcerated from 2008 until 2010.

Upon his release from prison, plaintiff was informed that he needed to register as a sex offender with the Stoddard County Sheriff. Plaintiff complained to the county prosecutor. It does not appear that he registered or that he was charged with not registering.

The remainder of plaintiff's complaint is repetitive and difficult to follow. He decries the ignorance of the defendants and the judicial system and alleges that "this entire thing has played out publicly and privately, [T]opix, airport café, and even Rick Cook driving up and down my road telling my neighbors and spreading it around town." (#4 at 3.) He states that his Oklahoma record was corrected to reflect the correct charges on May 23, 2002, but the judge there also ordered sex offender registration for that crime. He suggests that the Missouri Highway Patrol, the State of Missouri, and MDOC erroneously reported to the public that he was a sex offender. He suggests that his then-wife's ex-husband was upset that she was with plaintiff, ran plaintiff's name through law enforcement databases with help from family in law enforcement, and that resulted in the events going forward from 2007. He states he was improperly charged with failure to register as a sex offender by Stoddard County based on an erroneous and withdrawn Oklahoma document, that MDOC and Stoddard County wrongly pursued the charges, and that the charges were without probable cause, malicious, and resulted in defamation

of character.  He claims he was unjustly incarcerated from 2008-2010 and that he lost his job with Dutch Enterprises.  He seeks, among other things, $1 million per year from each defendant from 2001 to the present.

Multiple motions are now before the Court.  Plaintiff seeks remand back to state court (#9).  Defendant Rick Cook and the Missouri defendants filed separate motions to dismiss on November 4 and 16, 2016 (#7, #11).  Plaintiff also filed what appears to be an amended complaint on December 12, 2016 (#20).  The Court discusses each below.

## II.     Motion to Remand (#9)

Defendants removed this case under this Court's federal question jurisdiction, 28 U.S.C. § 1331, because the complaint sets forth a civil action arising under the laws of the United States.  Plaintiff argues that his case should be decided by the state courts.  However, plaintiff titled his petition with "1983 Petition" and confirms in his motion that this action was filed "under U.S. Code 42-1983."  Although plaintiff appears to believe that his related state-law claims mean that his case should be entertained by the state court, plaintiff is incorrect.  "Federal district courts have original jurisdiction over section 1983 claims, notwithstanding the fact that they share such jurisdiction with the courts of the states in which they sit."  *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).  Thus, this Court has original jurisdiction over plaintiff's § 1983 claims under 28 U.S.C. §1331 and supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(a) because they are so related to the federal questions claims that they form part of the same case or controversy.  "The presence of even one federal claim gives the

defendant the right to remove the entire case to federal court." *Williams*, 147 F.3d at 703 (quoting *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir.1996)). The motion to remand will be denied.

### III. Motions to Dismiss (#7, #11)

Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## A. Defendant Rick Cook's Motion to Dismiss (#7)

Defendant Rick Cook contends that the complaint should be dismissed as to him because it fails to provide him with fair notice of the basis of plaintiff's claim and fails to state a claim for relief under any legal theory.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8's purpose is to provide the defendant with "fair notice of what the …claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation omitted). Defendant Rick Cook asserts that plaintiff's complaint fails to meet this standard. Indeed, it is unclear exactly what claim plaintiff intends to bring against defendant Rick Cook. Cook is mentioned only twice in the complaint: first, plaintiff states that Roxanne Cook "called her husband, Dexter Police Officer Rick Cook to come place [plaintiff] under arrest for revocation of his probation" in 2008 (#4 at 2). Then, "this entire thing has played out publicly and privately, topix, airport café, and even Rick Cook driving up and down my road telling my neighbors and spreading it around town." (#4 at 3.)

Plaintiff previously filed a lawsuit against Rick Cook in which he alleged that Cook wrongfully arrested him at Roxanne Cook's office on a charge of violation of his probation. This Court entered summary judgment in favor of Rick Cook on that claim. *Gibson v. Cook*, 1:10 CV 107 LMB, 2013 WL 1817786, at *1 (E.D. Mo. Apr. 29, 2013), *aff'd*, 764 F.3d 810 (8th Cir. 2014). Thus, res judicata precludes plaintiff bringing a

6

claim based on those facts against defendant Rick Cook. *See Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009). To the extent plaintiff bases his claim on Rick Cook's allegedly "driving up and down" plaintiff's road telling plaintiff's neighbors and spreading "it" around town, those allegations are insufficient to state any claim. It is unclear what Rick Cook is alleged to have told neighbors or others, and plaintiff provided no dates or other context to support his conclusory statements that his rights have been violated. Plaintiff's response memorandum suggests that Rick Cook infringed upon plaintiff's right to free speech, but the complaint contains no facts to support any such claim. Plaintiff's complaint fails to state a claim against Rick Cook and will be dismissed as to him.

B.   **Missouri Defendants' Motion to Dismiss (#11)**

The plaintiff vaguely alleges that his constitutional rights were violated in several ways through the actions or inactions of the Missouri defendants. Those actions or inactions include the following:

(1) In 2001, MDOC Probation and Parole officers JoAnn Snider and Roxanne Cook told plaintiff he would be supervised as a sex offender.

(2) In 2007, "the state committed fraud upon the court by filing a document that had already been declared as erroneous. It would be safe to assume that the pursuit of these charges against [plaintiff] were initiated by the Missouri D.O.C. Probation and Parole in Dexter and the Stoddard County prosecutor." (#4 at ¶ 7.)

(3) In 2008, MDOC Probation and Parole officer Roxanne Cook again informed plaintiff he would be supervised as a sex offender.

(4) In 2015, plaintiff was terminated from a job which he believes was because he was registered as a sex offender.

> (5) The State of Missouri honored "other states' sentencing under the Interstate Compact Act which regulates transfer of probation to and from other states." (#4 at ¶ 10.)
>
> (6) "All defendants failed to honor the termination of" the Oklahoma case. (#4 at ¶ 10(G).)

Plaintiff does not allege how or in what manner the above actions violated his constitutional rights. Although plaintiff is upset that he was required by Missouri to register as a sex offender, the Oklahoma judge who clarified his conviction ordered sex offender registration for his actual crime. Defendant appears to suggest that a later Oklahoma Supreme Court ruling, *Starkey v. Oklahoma Dept. of Corrections*, 305 P.3d 1004 (Okla. 2013), rendered his sex offender registration unconstitutional, but, even assuming plaintiff is correct, plaintiff admits that "Any time prior to the decision in *Starkey*[,] defendants could have argued the crime was still a sex offense." (#4 at ¶ 11.) Thus, as a general matter, any sex offender registration requirement imposed by defendants was in accordance with the law at the time. Plaintiff's complaint, to the extent he complains his rights were somehow violated when he was required to register as a sex offender, therefore fails to state a claim.

In addition, plaintiff did not include any specific claims against Missouri, MDOC, or the Missouri Highway Patrol. The claims he raises in his complaint fail to assert constitutional violations. Moreover, he cannot bring his § 1983 claims for damages against these state entities. *Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985). Similarly, plaintiff's § 1983 claims against the two individual Missouri defendants,

Roxanne Cook and JoAnn Snider, must be dismissed. Plaintiff does not specify whether they are named in their official or individual capacities. "Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Absent an express statement that defendants are sued in their individual capacities, the suit is considered to be against those defendants in their official capacity. *Id.* "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Id.* They thus cannot be sued for damages in their official capacities. *Graham*, 473 U.S. at 169-70.

In addition, with respect to claims against Roxanne Cook, res judicata bars claims against her that were already --- or that could have been --- litigated with the claims in the above-referenced earlier lawsuit against Rick Cook, her, and others in the 2010 litigation. *See Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) ("The preclusion principle of res judicata prevents 'the relitigation of a claim on grounds that were raised or could have been raised in the prior suit.'") (quoting *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990)); *see also Gibson*, 2013 WL 1817786, at *1. As discussed above, plaintiff's suit is at least partially based on events that were the subject of the 2010 litigation, and those claims that were or could have been litigated in the 2010 litigation may not be brought now against Roxanne Cook.

To the extent plaintiff brings state-law claims against any party, his failure to allege any specific facts in support of any such claims requires dismissal for failure to state a claim.

As a result, the complaint will be dismissed as to the Missouri defendants.

## IV.     December 12, 2016 Filing (#20)

Plaintiff filed an untitled document that may be a new complaint because it appears that new defendants have been added to the case caption. Other aspects of the document make it appear to be a further response to the Missouri defendants' motion to dismiss. To the extent the document is intended to be an amended complaint, Federal Rule of Procedure 15(a)(1)(B) states that a "party may amend its pleading once as a matter of course within, …if the pleading is one to which a responsive pleading is required, …21 days after service of a motion under Rule 12(b)…." The document, which was filed after 21 days after the later-filed of the two motions, is untimely. In the alternative, plaintiff did not seek leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) states that the Court "should freely give leave when justice so requires." However, if this document is intended to be an amended complaint, it fails to state a claim for which relief can be granted. Plaintiff primarily attacks this Court's 2013 judgment against him, vaguely asserts that his constitutional rights have been and are being violated, and discusses certain United States Supreme Court rules that he says support that his petition for writ of certiorari regarding the 2013 should have been granted.

## V. Conclusion

This action will be dismissed in its entirety.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#9) is DENIED.

IT IS FURTHER ORDERED that defendant Rick Cook's motion to dismiss (#7) and defendants the State of Missouri, the Missouri Department of Corrections, the Missouri Highway Patrol, Roxanne Cook, and JoAnn Snider's motion to dismiss (#11) are GRANTED.

Dated this 24th day of January, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE